IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

_____

| | | |
|---|---|---|
| ELDON HUFFINE, | ) | Cause No. CV 09-32-H-DWM-RKS |
| | ) | Cause No. CV 09-33-H-DWM-RKS |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | FINDINGS AND |
| | ) | RECOMMENDATIONS |
| | ) | OF U.S. MAGISTRATE JUDGE |
| MONTANA STATE PRISON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

_____

On May 27, 2009, Petitioner Eldon Huffine, purporting to act on behalf of two persons other than himself, filed two petitions for habeas corpus relief. He claims he need not pay a filing fee and he did not move to proceed in forma pauperis. Only Petitioner Huffine signed the petitions.

A "next friend," even if permitted to file an action on behalf of a person in custody, <u>Coalition of Clergy, Lawyers, and Professors v. Bush</u>, 310 F.3d 1153, 1159-60 (9th Cir. 2002), may not act as legal counsel for the putative petitioner. Signing and filing documents on behalf of another is the practice of law. Petitioner is not a

FINDINGS AND RECOMMENDATIONS OF U.S. MAGISTRATE JUDGE / PAGE 1

member of the Bar of this Court.  He may not file legal documents on behalf of anyone other than himself.  28 U.S.C. § 1654.  This fact is conclusive.  There is no way for Petitioner to proceed with these actions.  They should be dismissed with prejudice.

No reasonable jurist could find a debatable issue.  Petitioner is not authorized to practice law in this Court.  A certificate of appealability should be denied.

Based on the foregoing, the Court enters the following:

## RECOMMENDATIONS

1.  The petitions in Case Nos. CV 09-32-H and 09-33-H, purporting to be filed on behalf of other persons, should be DISMISSED WITHOUT PREJUDICE.

2.  The Clerk of Court should be directed to enter by separate document a judgment in each case in favor of Respondents and against Petitioner Huffine.

3.  A certificate of appealability should be DENIED.

4.  The Court should advise Petitioner that no motions for reconsideration or rehearing will be entertained and that, other than a Notice of Appeal, the Clerk will discard any further documents submitted by Petitioner in these cases.

## NOTICE OF RIGHT TO OBJECT TO
## FINDINGS & RECOMMENDATIONS
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing. A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge.

Petitioner must immediately advise the Court of any change in his mailing address. Failure to do so may result in dismissal of this action without notice to him.

DATED this 13th day of August, 2009.

                                                          /s/ Keith Strong
                                                          Keith Strong
                                                          United States Magistrate Judge